No. 27,406.

E. J. MACY, *Appellee*, v. THE CITIZENS STATE BANK, *Appellant*.

SYLLABUS BY THE COURT.

1. TRIAL—*Instructions—Giving Substance of Requested Instruction—Long and Intricate Pleading as Proper Instruction.* In an action to recover the proceeds of a one-half interest in certain cattle, the record considered, and *held:* (*a*) It was not error to give in substance certain instructions instead of the text thereof requested by the defendant; (*b*) while the giving of long and intricate pleadings as part of the instructions is subject to criticism, no prejudice resulted therefrom in the instant case.

2. SAME—*Generally.* Various alleged errors considered and held not to require a reversal.

Appeal from Sedgwick district court, division No. 3; GROVER PIERPONT, judge. Opinion filed June 11, 1927. Affirmed.

*Thomas C. Wilson* and *Henry Lampl,* both of Wichita, for the appellant.
*Clyde E. Souders* and *Otto R. Souders,* both of Wichita, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover the proceeds of a one-half interest in certain cattle sold at auction, defendant's cashier acting as clerk of the sale. Plaintiff prevailed and defendant appeals.

On December 15, 1920, plaintiff and F. H. Bock purchased the cattle in controversy at Aurora, Mo. Plaintiff had a savings account in the defendant bank. He changed his account from the savings department to a general checking account and issued thereon his check for $1,285 in payment of a half interest in the cattle. At the time of changing the account, plaintiff informed an employee of the bank of the circumstances. On November 27, 1922, a sale of the cattle in question, with others, was had. W. H. Mott having been selected as sales manager, employed Mr. Kemp, cashier of the defendant bank, to be clerk of the sale. After the sale plaintiff made demand upon the bank for his part of the claimed proceeds of the sale. Payment was refused, resulting in this lawsuit.

There was evidence tending to show that the plaintiff purchased the cattle in question about a year before the defendant took a mortgage from Bock to secure a note for $15,000 and claimed by the defendant to cover the cattle in question, among others; that the

Appeal and Error, 4 C J. pp. 1029 n. 30, 1032 n. 36. Trial, 38 Cyc. pp. 1610 n. 91, 1705 n. 82.

mortgage did not specifically describe the cattle in question and was not recorded for three and one-half years after its execution; that at the time the plaintiff purchased the cattle in controversy he told an employee of the bank about the transaction, and changed his account from the savings department so that he could check upon it; that the defendant's cashier, Mr. Kemp, clerked the sale at which the cattle were sold; that the day prior to the sale, plaintiff informed Kemp of his half interest in ten or twelve of the cattle in question; that on the day of the sale and at the opening thereof, plaintiff again spoke to Kemp and said to him, "Here is a marked catalogue in which I have marked all the cattle in which I have a half interest"; that Kemp replied: "I am too busy; I can't take care of it now; you go out on the balcony and give it to Hershel Outland"; that Outland was an employee of the defendant; that plaintiff delivered to him the catalogue as directed by Mr. Kemp; that after the sale of the cattle the defendant applied all of the money from the sale of the cattle in question on Bock's indebtedness; that when plaintiff demanded payment from the defendant or Mr. Kemp he was requested to see Mr. Bock, and that he did so; that afterwards Bock executed to the plaintiff a note for one thousand dollars. It is the contention of the defendant that this note was payment by Bock in full of the money claimed by plaintiff from the defendant. The plaintiff contends that the note was not a settlement of his claim against the defendant, but that the note was given as an evidence that the plaintiff had an interest in the cattle. The jury specifically found that the note was not a payment of the account.

The defendant complains chiefly of the instructions—some refused and some given. It requested instructions to the effect that if the jury found from the evidence that the plaintiff accepted a note executed by Bock in settlement, among other things, of his half interest in the cattle, and that the note was taken in settlement between the plaintiff and Bock, then they should return a verdict in favor of the defendant. The court, while refusing the specific instructions requested by the defendant, gave them in substance, stating that if the plaintiff had received payment or settlement in full "as to all parties" they should return a verdict for defendant. It is argued that this phrase "as to all parties," in the light of the evidence, was confusing and prejudicial to the rights of the defendant. We are unable to see how the words could have confused or misled

the jury. The words may be said to have been surplusage. If the note given by Bock to the plaintiff was a settlement in full between the plaintiff and Bock, for plaintiff's half interest in the cattle, necessarily plaintiff would have had no claim against the defendant.

It is contended that the plaintiff, when questioned about receiving the note from Bock, was "at all times evasive, even hesitating, and anything but candid in his answers," and that, notwithstanding that he was a man of education, it was necessary to reread to him the same questions several times. Plaintiff's evasiveness, uncertainty and indefiniteness on cross-examination were matters for the consideration of the jury. .

It is contended that the court erred in giving to the jury the pleadings in full in its instructions rather than a statement of the allegations therein contained. The giving of long and intricate pleadings to the jury in the instructions, while a method greatly to be criticized, is not, in the instant case, a sufficient cause for reversal of the judgment.

The defendant contends that Bock and defendant were in the position of joint tort-feasors, having received and retained the proceeds of plaintiff's one-half interest in the cattle, and that the acceptance by the plaintiff of the note from Bock was such a settlement with one of the joint tort-feasors as to relieve the other. The contention cannot be sustained. It is perfectly apparent that the defendant received the proceeds of plaintiff's one-half interest in the cattle and no claim was made by the plaintiff that Bock had wrongfully received such proceeds.

We find no error which would justify a reversal.

The judgment is affirmed.